## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: September 30, 2015

Ms. Tiffany Arnold
F.C.I. Tallahassee
501 Capital Circle, N.E.
Tallahassee, FL 32301

Mr. Charles P. Wisdom Jr.
Office of the U.S. Attorney
260 W. Vine Street
Suite 300
Lexington, KY 40507

Re: Case No. 15-5117, *In re: Tiffany Arnold*
Originating Case No. : 6:08-cv-07010 : 6:15-cv-07388 : 6:04-cr-00031-2

Dear Sir or Madam,

   The Court issued the enclosed Order today in this case.

                              Sincerely yours,

                              s/Linda M. Niesen
                              Case Manager
                              Direct Dial No. 513-564-7038

cc:  Mr. Robert R. Carr

Enclosure

No mandate to issue

No. 15-5117

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

)
)
In re: TIFFANY ARNOLD, )
) O R D E R
Movant. )
)
)

FILED
Sep 30, 2015
DEBORAH S. HUNT, Clerk

Before: BATCHELDER, DAUGHTREY, and WHITE, Circuit Judges.

Tiffany Arnold, a *pro se* federal prisoner, has filed an application for authorization to file a second or successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct her sentence. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(B).

In 2004, Arnold was found guilty by a jury of the following crimes: conspiracy to manufacture methamphetamine (21 U.S.C. §§ 841, 846); two counts of distributing methamphetamine, (§ 841); and possessing equipment and precursors used to manufacture methamphetamine (§ 843(a)(6)). The jury also found by special verdict that a death resulted from Arnold's manufacture and distribution of methamphetamine to her cellmate. *See* §§ 841(b)(1)(C), 851. The district court sentenced Arnold to two life sentences. She appealed, and this court affirmed her convictions and sentence. *United States v. Mann*, 195 F. App'x 430 (6th Cir. 2006). In 2008, Arnold filed a § 2255 motion. The district court denied relief, *United States v. Arnold*, Civil Action No. 6:08-7010-DCR, 2008 WL 4951791 (E.D. Ky. Nov. 18, 2008), and we affirmed that decision.

In 2015, Arnold filed another § 2255 motion, which the district court ordered transferred to this court. *See* 28 U.S.C. §§ 2255(h), 2244(a); *see also In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). She then filed this application for authorization to file a second or successive § 2255 motion in which she seeks to argue that, based on the Supreme Court's decision in *Burrage v.*

*United States*, 134 S. Ct. 881 (2014), she is actually innocent of distributing methamphetamine that resulted in another's death.

Before a prisoner may file a second or successive § 2255 motion in the district court, she must make a prima facie showing that the proposed motion relies on either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also* § 2244(b)(3)(C).

In *Burrage*, 134 S. Ct. at 892, the Supreme Court held

> that, at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury.

*Burrage* did not involve a new rule of constitutional law, but rather the interpretation of the statutory language in § 841(b)(1)(C), and the Supreme Court has not made it retroactively applicable to cases on collateral review. And, although Arnold argues that she is actually innocent under *Burrage*, she does not present "newly discovered evidence" in support of that claim, as required under § 2255(h)(1), and she does not establish by clear and convincing evidence that no reasonable fact finder would have found that the methamphetamine was not the but-for cause of her cellmate's death.

Accordingly, Arnold's application is denied.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk